Ethan M. Lowry, State Bar No. 278831
Wilson Lau, State Bar No. 307151
BERTRAND, FOX, ELLIOT, OSMAN & WENZEL
2749 Hyde Street
San Francisco, California 94109
Telephone: (415) 353-0999
Facsimile: (415) 353-0990
Email: elowry@bfesf.com
         wlau@bfesf.com


Attorneys for Defendant
COUNTY OF SONOMA


UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS SHANNON,<br><br>        Plaintiff,<br><br>v.<br><br>CITY OF SANTA ROSA, COUNTY OF SONOMA, STATE OF CALIFORNIA, and DOES 1 to 10,<br><br>        Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF SONOMA COUNTY SUPERIOR COURT CASE NO. 25CV06654 UNDER 28 U.S.C. § 441(a)**<br>**[Federal Question]** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendant COUNTY OF SONOMA (the "COUNTY"), hereby removes to this Court the state court action described below:

1.      On September 24, 2025, Case No. 25CV06654 was commenced in the Superior Court of the State of California, in and for the County of Sonoma captioned *Douglas Shannon v. County of Sonoma, et al.*. A true and correct copy of Plaintiff's Complaint is attached as **Exhibit A**.

2.      The Complaint and Summons, were personally served on the COUNTY on November 17, 2025. A true and correct copy of the Summons and accompanying package are attached as **Exhibit B**.

3.      I have conferred with counsel for defendant STATE OF CALIFORNIA, Stephanie A.

1

Vollmer, and she has confirmed that defendant STATE OF CALIFORNIA joins and consents to this Removal. A true and correct copy of defendant STATE OF CALIFORNIA's Notice of Joinder to this Notice of Removal is attached as **Exhibit C**.

4. I have conferred with counsel for defendant CITY OF SANTA ROSA, Kelly E. Leonhardt, and she has confirmed that defendant CITY OF SANTA ROSA joins and consents to this Removal. A true and correct copy of defendant CITY OF SANTA ROSA's Notice of Joinder to this Notice of Removal is attached as **Exhibit D**.

## JURISDICTION

5. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 because it arises under and/or seeks remedies pursuant to the provisions of "the Americans with Disabilities Act of 1990, the ADA Standards for Accessible Design ("ADAS"), the Vocational Rehabilitation Act of 1973, 42 USC § 1983, Title 8, C.C.R. §§ 1541(1 )(2), 1621, [and] the Federal Manual on Uniform Traffic Control Devices (MUTCD)" as set forth in the General Negligence Cause of Action on Page 5 of the Complaint. Thus, the action is properly removed to this Court by the COUNTY pursuant to 28 U.S.C. §1441(a).

## DIVISIONAL ASSIGNMENT

This case should be assigned to the San Francisco Division or the Oakland Division of this Court because it arises in the County of Sonoma.

Dated: December 17, 2025                    BERTRAND, FOX, ELLIOT, OSMAN & WENZEL

By:    */s/ Wilson Lau*
       Ethan M. Lowry
       Wilson Lau
       Attorneys for Defendant
       COUNTY OF SONOMA

2
NOTICE OF REMOVAL OF SONOMA COUNTY SUPERIOR COURT CASE NO. 25CV06654
*Shannon v. County of Sonoma, et al.* Case No.:

EXHIBIT A

EXHIBIT A

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY  STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|
| NAME: Michael A. Kahn, Esq. SBN 123155/Jeffrey D. Garfinkel, Esq. SBN 272090<br>FIRM NAME: Law Offices of Michael A. Kahn<br>STREET ADDRESS: 10990 Wilshire Blvd., Suite 1040<br>CITY: Los Angeles,    STATE: CA    ZIP CODE: 90024<br>TELEPHONE NO.: 310-209-1600    FAX NO.: 310-481-6076<br>EMAIL ADDRESS: eservice@michaelkahnlaw.com<br>ATTORNEY FOR (name): Plaintiff, DOUGLAS SHANNON | **ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**9/24/2025 10:05 AM**<br>**By: Cynthia N Rowen, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**
STREET ADDRESS: 3055 CLEVELAND AVENUE
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA ROSA, CA 95403
BRANCH NAME:

PLAINTIFF: DOUGLAS SHANNON

DEFENDANT: CITY OF SANTA ROSA; COUNTY OF SONOMA; STATE OF CALIFORNIA

[x] DOES 1 TO 10

Verified

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] **AMENDED** *(Number):*

**Type** *(check all that apply):*
[ ] **MOTOR VEHICLE**    [x] **OTHER** *(specify):* General Negligence
    [x] **Property Damage**    [ ] **Wrongful Death**
    [x] **Personal Injury**    [✓] **Other Damages** *(specify):* Premises Liability

**Jurisdiction** *(check all that apply):*
[ ] **ACTION IS A LIMITED CIVIL CASE (does not exceed $35,000)**
    Amount demanded [ ] does not exceed $10,000
                    [ ] exceeds $10,000
[x] **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $35,000)**
[ ] **ACTION IS RECLASSIFIED by this amended complaint**
    [ ] **from limited to unlimited**
    [ ] **from unlimited to limited**

CASE NUMBER:

25CV06654

1. **Plaintiff** *(name or names):* DOUGLAS SHANNON

   alleges causes of action against **defendant** *(name or names):*
   CITY OF SANTA ROSA; COUNTY OF SONOMA; STATE OF CALIFORNIA

2. This pleading, including attachments and exhibits, consists of the following number of pages: 5

3. Each plaintiff named above is a competent adult
   a. [ ] **except** plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California.
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor    [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   b. [ ] **except** plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California.
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor    [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2024]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

PLD-PI-001

| SHORT TITLE:<br>SHANNON v. CITY OF SANTA ROSA, et al. | CASE NUMBER: |
| --- | --- |

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.
5. Each defendant named above is a natural person
   a. ☒ **except** defendant (name): City of Santa Rosa
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity (describe):

      (4) ☒ a public entity (describe):
         City of Santa Rosa
      (5) ☐ other (specify):

   c. ☒ **except** defendant (name): State of California
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity (describe):

      (4) ☒ a public entity (describe):
         State of California
      (5) ☐ other (specify):

   b. ☒ **except** defendant (name): County of Sonoma
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity (describe):

      (4) ☒ a public entity (describe):
         County of Sonoma
      (5) ☐ other (specify):

   d. ☐ **except** defendant (name):
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.
6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants (specify Doe numbers): 1-10                    were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants (specify Doe numbers): 1-10                    are persons whose capacities are unknown to
      plaintiff.
7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☒ Plaintiff is required to comply with a claims statute, **and**
   a. ☒ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because (specify):

**COMPLAINT—Personal Injury, Property**
                                           **Damage, Wrongful Death**

**PLD-PI-001**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| SHANNON v. CITY OF SANTA ROSA, et al. | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

a. ☐ Motor Vehicle

b. ☒ General Negligence

c. ☐ Intentional Tort

d. ☐ Products Liability

e. ☒ Premises Liability

f. ☐ Other *(specify):*

11. Plaintiff has suffered *(check all that apply)*

a. ☒ wage loss.

b. ☒ loss of use of property.

c. ☒ hospital and medical expenses.

d. ☒ general damage.

e. ☒ property damage.

f. ☒ loss of earning capacity.

g. ☒ other damage *(specify):*
Such other relief as the court deems just and proper.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

a. ☐ listed in Attachment 12.

b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

a. (1) ☒ compensatory damages.

  (2) ☐ punitive damages.

b. The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*

  (1) ☒ according to proof.

  (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 09/ 1️⃣ /2025

JEFFREY D. GARFINKEL, ESQ.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2024]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 3 of 3

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | Clear this form |

PLD-PI-001(4)

| SHORT TITLE:<br>Shannon v. City of Santa Rosa, et al. | CASE NUMBER: |
|---|---|

FIRST
_____   **CAUSE OF ACTION—Premises Liability**    Page    4
(number)

ATTACHMENT TO [ x ] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

Prem.L-1.Plaintiff *(name):* DOUGLAS SHANNON

alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.

On *(date):* 09/26/2024                plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury):*

Plaintiff was walking within the courtyard at the Hall of Justice Center located at 600 Administration Drive in Santa Rosa, CA. Plaintiff was a disabled individual who used a cane to ambulate. Plaintiff went to the lower portion of the courtyard and began descending the steps. There were no handrails available as there are at the front of the building, and as a result Plaintiff could not safely descend causing him to fall.

Prem.L-2. [ x ]  **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were *(names):*
CITY OF SANTA ROSA; COUNTY OF SONOMA; STATE OF CALIFORNIA

[ x ] Does 1 _____ to 10 _____

Prem.L-3. [ x ]  **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were *(names):*

[ x ] Does 1 _____ to 10 _____

Plaintiff, a recreational user, was    [ ] an invited guest    [ ] a paying guest.

Prem.L-4. [ x ]  ***Count Three—Dangerous Condition of Public Property*** *The defendants who owned public property on which a dangerous condition existed were (names):*
CITY OF SANTA ROSA; COUNTY OF SONOMA; STATE OF CALIFORNIA

[ x ] Does 1 _____ to 10 _____

a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.

b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5.a. [ x ]  **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were *(names):*
CITY OF SANTA ROSA; COUNTY OF SONOMA; STATE OF CALIFORNIA

[ x ] Does 1 _____ to 10 _____

b. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b [ ] as follows *(names):*

Page 1 of 1

For your protection and privacy, please press the Clear
This Form button after you have printed the form.    [ **Print this form** ]    [ **Save this form** ]    [ **Clear this form** ]

PLD-PI-001(2)

| SHORT TITLE:<br>SHANNON v. CITY OF SANTA ROSA, et al. | CASE NUMBER: |
|---|---|

SECOND _____    **CAUSE OF ACTION—General Negligence**    Page ___5___
        (number)

ATTACHMENT TO  [ x ] Complaint        [  ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: DOUGLAS SHANNON

  alleges that defendant *(name):* City of Santa Rosa; County of Sonoma; State of California

          [ x ] Does        1 _____        to  10 _____

  was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

  on *(date)*: 09/26/2024

  at *(place)*: SANTA ROSA SUPERIOR COURT, 600 ADMINSTRATION DRIVE, SANTA ROSA, CA  95403

  *(description of reasons for liability):*

  Plaintiff realleges and incorporates by reference each and every allegation contained in the first four pages of this Complaint as though fully set forth herein.

  At said time and place, Defendants, and each of them, did negligently and carelessly own, operate, manage, rent, and maintain the above property so as to cause Plaintiff to suffer serious injuries when Plaintiff was walking within the courtyard at the Hall of Justice Center.  Plaintiff was a disabled individual who used a cane to ambulate.  Plaintiff went to the lower portion of the courtyard and began descending the steps.  There were no handrails available as there are at the front of the building, and as a result Plaintiff could not safely descend causing him to fall.  As a direct result of the subject accident, Plaintiff suffered personal injuries and has incurred and continues to incur hospital and medical expenses, wage loss, loss of earning capacity, property damages and general damages in an amount to be proven at the time of trial.

  The negligence on the part of Defendants, and each of them, is not limited to those negligent acts and/or omissions described above, but also includes the negligent hiring, retaining, appointing, selecting, training and/or supervising of those persons responsible for the foregoing acts and/or omissions.

  The Defendants, and their agents, failed to inspect, maintain, correct, and improve the subject property/incident site, and offer services, facilities, features and programs in a non-discriminatory fashion, which unlawfully violates the access laws of the United States of America and the State of California. The property is also in an unreasonably dangerous condition.

  Plaintiff seeks all damages available to him pursuant to the civil rights statues of the State of California and the United States of America, including, but not limited to, Civil Code §§ 51 et. seg., 52 et. seq., 54 et. seq., 54.1, 54.2, 54.3, 55, 1714, Government §§ 4450, 11135, the Americans with Disabilities Act of 1990, the ADA Standards for Accessible Design (" ADAS"), the Vocational Rehabilitation Act of 1973, 42 USC § 1983, Title 8, C.C.R. §§ 1541(1)(2), 1621, the Federal Manual on Uniform Traffic Control Devices (MUTCD) the City of Sonoma's Municipal Code, County of Sonoma's County Code, and any other federal or state laws regarding the protection of disabled persons.

  The foregoing negligent acts and/or omissions on the part of the Defendants, and each of them, were the direct and proximate cause of the damages sustained by Plaintiff.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courts.ca.gov

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

| **Print this form** | **Save this form** | | **Clear this form** |
|---|---|---|---|

# VERIFICATION

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a party to this action, and I have read the foregoing **CIVIL COMPLAINT** and know its contents. The matters stated in THE COMPLAINTare true based on my own knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on Sep 23, 2025 _____ at 9:26 novato,ca. _____ , California.

_Douglas shannon Douglas Shannon_
Douglas shannonDouglas.Shannon (Sep 23, 2025 21:20:47 PDT)

DOUGLAS SHANNON, PLAINTIFF

# Verification

Final Audit Report                                                                 2025-09-24

| | |
|---|---|
| Created: | 2025-09-19 |
| By: | Michael Kahn (info@michaelkahnlaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAC8xtSREeQTWQcvdxK4Lnk5PWdXqtnteq |

## "Verification" History

📄 Document created by Michael Kahn (info@michaelkahnlaw.com)
2025-09-19 - 9:38:10 PM GMT- IP address: 52.35.193.194

📧 Document emailed to Douglas Shannon (isabella1472@comcast.net) for signature
2025-09-19 - 9:38:14 PM GMT

📄 Email viewed by Douglas Shannon (isabella1472@comcast.net)
2025-09-19 - 10:35:19 PM GMT- IP address: 104.28.123.99

📄 Email viewed by Douglas Shannon (isabella1472@comcast.net)
2025-09-24 - 4:01:29 AM GMT- IP address: 104.28.123.112

✍️ Signer Douglas Shannon (isabella1472@comcast.net) entered name at signing as Douglas shannonDouglas Shannon
2025-09-24 - 4:26:45 AM GMT- IP address: 73.158.50.165

✍️ Document e-signed by Douglas shannonDouglas Shannon (isabella1472@comcast.net)
Signature Date: 2025-09-24 - 4:26:47 AM GMT - Time Source: server- IP address: 73.158.50.165

✅ Agreement completed.
2025-09-24 - 4:26:47 AM GMT

**Adobe Acrobat Sign**

DAL-001

# STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT
# ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

This information is available in English, Spanish, Chinese, Vietnamese, and Korean through the Judicial Council of California. People with visual impairments can get assistance in viewing this form through the judicial branch website, at *www.courts.ca.gov.*

California law requires that you receive this information because the demand letter or court complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of people with disabilities to access public places.

**YOU HAVE IMPORTANT LEGAL OBLIGATIONS.** Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect, at *www.dgs.ca.gov/dsa.* Information is also available from the California Commission on Disability Access at *www.ccda.ca.guide.htm.*

**YOU HAVE IMPORTANT LEGAL RIGHTS.** The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING. You will have the right if you are later sued to fully present an explanation of why you believe you have not in fact violated disability access laws or have corrected the violation or violations giving rise to the claim.

You have the right to seek assistance or advice about this demand letter or court complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider. Your best interest may be served by seeking legal advice or representation from an attorney, but you may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint. If you have hired an attorney to represent you, you should immediately notify your attorney.

If a court complaint has been served on you, you will get a separate advisory notice with the complaint advising you of special options and procedures available to you under certain conditions.

**ADDITIONAL THINGS YOU SHOULD KNOW:** ATTORNEY MISCONDUCT. Except for limited circumstances, state law generally requires that a prelitigation demand letter from an attorney MAY NOT MAKE A REQUEST OR DEMAND FOR MONEY OR AN OFFER OR AGREEMENT TO ACCEPT MONEY. Moreover, a demand letter from an attorney MUST INCLUDE THE ATTORNEY'S STATE BAR LICENSE NUMBER.

If you believe the attorney who provided you with this notice and prelitigation demand letter is not complying with state law, you may send a copy of the demand letter you received from the attorney to the State Bar of California by facsimile transmission to 1-415-538-2171, or by mail to the State Bar of California, 180 Howard Street, San Francisco, CA 94105, Attention: Professional Competence.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
DAL-001 [Rev. July 1, 2016]

**IMPORTANT ADVISORY INFORMATION
FOR BUILDING OWNERS AND TENANTS**
(Disability Access Litigation)

Civil Code, § 55.3
*www.courts.ca.gov*

## STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

REDUCING YOUR DAMAGES. If you are a small business owner and correct all of the construction-related violations that are the basis of the complaint against you within 30 days of being served with the complaint, you may qualify for reduced damages. You may wish to consult an attorney to obtain legal advice. You may also wish to contact the California Commission on Disability Access for additional information about the rights and obligations of business owners.

COMMERCIAL TENANT. If you are a commercial tenant, you may not be responsible for ensuring that some or all portions of the premises you lease for your business, including common areas such as parking lots, are accessible to the public because those areas may be the responsibility of your landlord. You may want to refer to your lease agreement and consult with an attorney or contact your landlord, to determine if your landlord is responsible for maintaining and improving some or all of the areas you lease.

For your protection and privacy, please press the Clear This Form button after you have printed the form.    Print this form    Save this form    Clear this form

DAL-001

# STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

This information is available in English, Spanish, Chinese, Vietnamese, and Korean through the Judicial Council of California. People with visual impairments can get assistance in viewing this form through the judicial branch website, at *www.courts.ca.gov*.

California law requires that you receive this information because the demand letter or court complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of people with disabilities to access public places.

**YOU HAVE IMPORTANT LEGAL OBLIGATIONS.** Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect, at *www.dgs.ca.gov/dsa*. Information is also available from the California Commission on Disability Access at *www.ccda.ca.guide.htm*.

**YOU HAVE IMPORTANT LEGAL RIGHTS.** The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING. You will have the right if you are later sued to fully present an explanation of why you believe you have not in fact violated disability access laws or have corrected the violation or violations giving rise to the claim.

You have the right to seek assistance or advice about this demand letter or court complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider. Your best interest may be served by seeking legal advice or representation from an attorney, but you may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint. If you have hired an attorney to represent you, you should immediately notify your attorney.

If a court complaint has been served on you, you will get a separate advisory notice with the complaint advising you of special options and procedures available to you under certain conditions.

**ADDITIONAL THINGS YOU SHOULD KNOW:** ATTORNEY MISCONDUCT. Except for limited circumstances, state law generally requires that a prelitigation demand letter from an attorney MAY NOT MAKE A REQUEST OR DEMAND FOR MONEY OR AN OFFER OR AGREEMENT TO ACCEPT MONEY. Moreover, a demand letter from an attorney MUST INCLUDE THE ATTORNEY'S STATE BAR LICENSE NUMBER.

If you believe the attorney who provided you with this notice and prelitigation demand letter is not complying with state law, you may send a copy of the demand letter you received from the attorney to the State Bar of California by facsimile transmission to 1-415-538-2171, or by mail to the State Bar of California, 180 Howard Street, San Francisco, CA 94105, Attention: Professional Competence.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>DAL-001 [Rev. July 1, 2016] | **IMPORTANT ADVISORY INFORMATION<br>FOR BUILDING OWNERS AND TENANTS**<br>(Disability Access Litigation) | Civil Code, § 55.3<br>*www.courts.ca.gov* |

# STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

REDUCING YOUR DAMAGES. If you are a small business owner and correct all of the construction-related violations that are the basis of the complaint against you within 30 days of being served with the complaint, you may qualify for reduced damages. You may wish to consult an attorney to obtain legal advice. You may also wish to contact the California Commission on Disability Access for additional information about the rights and obligations of business owners.

COMMERCIAL TENANT. If you are a commercial tenant, you may not be responsible for ensuring that some or all portions of the premises you lease for your business, including common areas such as parking lots, are accessible to the public because those areas may be the responsibility of your landlord. You may want to refer to your lease agreement and consult with an attorney or contact your landlord, to determine if your landlord is responsible for maintaining and improving some or all of the areas you lease.

DAL-001 [Rev. July 1, 2016]         **IMPORTANT ADVISORY INFORMATION
FOR BUILDING OWNERS AND TENANTS**
(Disability Access Litigation)                    Page 2 of 2

For your protection and privacy, please press the Clear
This Form button after you have printed the form.      Print this form    Save this form        Clear this form

DAL-001

# STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

This information is available in English, Spanish, Chinese, Vietnamese, and Korean through the Judicial Council of California. People with visual impairments can get assistance in viewing this form through the judicial branch website, at *www.courts.ca.gov.*

California law requires that you receive this information because the demand letter or court complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of people with disabilities to access public places.

**YOU HAVE IMPORTANT LEGAL OBLIGATIONS.** Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect, at *www.dgs.ca.gov/dsa.* Information is also available from the California Commission on Disability Access at *www.ccda.ca.guide.htm.*

**YOU HAVE IMPORTANT LEGAL RIGHTS.** The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING. You will have the right if you are later sued to fully present an explanation of why you believe you have not in fact violated disability access laws or have corrected the violation or violations giving rise to the claim.

You have the right to seek assistance or advice about this demand letter or court complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider. Your best interest may be served by seeking legal advice or representation from an attorney, but you may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint. If you have hired an attorney to represent you, you should immediately notify your attorney.

If a court complaint has been served on you, you will get a separate advisory notice with the complaint advising you of special options and procedures available to you under certain conditions.

**ADDITIONAL THINGS YOU SHOULD KNOW:** ATTORNEY MISCONDUCT. Except for limited circumstances, state law generally requires that a prelitigation demand letter from an attorney MAY NOT MAKE A REQUEST OR DEMAND FOR MONEY OR AN OFFER OR AGREEMENT TO ACCEPT MONEY. Moreover, a demand letter from an attorney MUST INCLUDE THE ATTORNEY'S STATE BAR LICENSE NUMBER.

If you believe the attorney who provided you with this notice and prelitigation demand letter is not complying with state law, you may send a copy of the demand letter you received from the attorney to the State Bar of California by facsimile transmission to 1-415-538-2171, or by mail to the State Bar of California, 180 Howard Street, San Francisco, CA 94105, Attention: Professional Competence.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>DAL-001 [Rev. July 1, 2016] | **IMPORTANT ADVISORY INFORMATION<br>FOR BUILDING OWNERS AND TENANTS**<br>(Disability Access Litigation) | Civil Code, § 55.3<br>www.courts.ca.gov |

# STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

REDUCING YOUR DAMAGES. If you are a small business owner and correct all of the construction-related violations that are the basis of the complaint against you within 30 days of being served with the complaint, you may qualify for reduced damages. You may wish to consult an attorney to obtain legal advice. You may also wish to contact the California Commission on Disability Access for additional information about the rights and obligations of business owners.

COMMERCIAL TENANT. If you are a commercial tenant, you may not be responsible for ensuring that some or all portions of the premises you lease for your business, including common areas such as parking lots, are accessible to the public because those areas may be the responsibility of your landlord. You may want to refer to your lease agreement and consult with an attorney or contact your landlord, to determine if your landlord is responsible for maintaining and improving some or all of the areas you lease.

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [Print this form]   [Save this form]   [Clear this form]

DAL-001

# STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

This information is available in English, Spanish, Chinese, Vietnamese, and Korean through the Judicial Council of California. People with visual impairments can get assistance in viewing this form through the judicial branch website, at *www.courts.ca.gov.*

California law requires that you receive this information because the demand letter or court complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of people with disabilities to access public places.

**YOU HAVE IMPORTANT LEGAL OBLIGATIONS.** Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect, at *www.dgs.ca.gov/dsa.* Information is also available from the California Commission on Disability Access at *www.ccda.ca.guide.htm.*

**YOU HAVE IMPORTANT LEGAL RIGHTS.** The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING. You will have the right if you are later sued to fully present an explanation of why you believe you have not in fact violated disability access laws or have corrected the violation or violations giving rise to the claim.

You have the right to seek assistance or advice about this demand letter or court complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider. Your best interest may be served by seeking legal advice or representation from an attorney, but you may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint. If you have hired an attorney to represent you, you should immediately notify your attorney.

If a court complaint has been served on you, you will get a separate advisory notice with the complaint advising you of special options and procedures available to you under certain conditions.

**ADDITIONAL THINGS YOU SHOULD KNOW:** ATTORNEY MISCONDUCT. Except for limited circumstances, state law generally requires that a prelitigation demand letter from an attorney MAY NOT MAKE A REQUEST OR DEMAND FOR MONEY OR AN OFFER OR AGREEMENT TO ACCEPT MONEY. Moreover, a demand letter from an attorney MUST INCLUDE THE ATTORNEY'S STATE BAR LICENSE NUMBER.

If you believe the attorney who provided you with this notice and prelitigation demand letter is not complying with state law, you may send a copy of the demand letter you received from the attorney to the State Bar of California by facsimile transmission to 1-415-538-2171, or by mail to the State Bar of California, 180 Howard Street, San Francisco, CA 94105, Attention: Professional Competence.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
DAL-001 [Rev. July 1, 2016]

**IMPORTANT ADVISORY INFORMATION
FOR BUILDING OWNERS AND TENANTS**
(Disability Access Litigation)

Civil Code, § 55.3
*www.courts.ca.gov*

# STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT
# ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

REDUCING YOUR DAMAGES. If you are a small business owner and correct all of the construction-related violations that are the basis of the complaint against you within 30 days of being served with the complaint, you may qualify for reduced damages. You may wish to consult an attorney to obtain legal advice. You may also wish to contact the California Commission on Disability Access for additional information about the rights and obligations of business owners.

COMMERCIAL TENANT. If you are a commercial tenant, you may not be responsible for ensuring that some or all portions of the premises you lease for your business, including common areas such as parking lots, are accessible to the public because those areas may be the responsibility of your landlord. You may want to refer to your lease agreement and consult with an attorney or contact your landlord, to determine if your landlord is responsible for maintaining and improving some or all of the areas you lease.

For your protection and privacy, please press the Clear This Form button after you have printed the form.    [Print this form]   [Save this form]       [Clear this form]

**DAL-002**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | | *FOR COURT USE ONLY* |
|---|---|---|---|
| NAME: | | | |
| FIRM NAME: | | | |
| STREET ADDRESS: | | | |
| CITY: | STATE: | ZIP CODE: | |
| TELEPHONE NO.: | FAX NO.: | | |
| E-MAIL ADDRESS: | | | |
| ATTORNEY FOR (*name*): | | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
  STREET ADDRESS:
  MAILING ADDRESS:
CITY AND ZIP CODE:
  BRANCH NAME:

  PLAINTIFF:

  DEFENDANT:

| **ANSWER—DISABILITY ACCESS** | CASE NUMBER: |
|---|---|

*This form may be filed with the court and served on the plaintiff as an answer to the complaint, or it may be used as an informal response to a demand letter or for settlement discussion purposes.*

1. Defendant(s) *(Each defendant for whom this answer is filed must be named and must sign this answer unless his or her attorney signs):*

    answers the complaint as follows:

2. ***Check ONLY ONE of the next three boxes, a, b, or c:***

    a. ☐ Defendant generally denies each statement of the complaint.

    b. ☐ Defendant denies that plaintiff has demonstrated that he or she was denied full and equal access to the place of public accommodation on a particular occasion. *(See Civ. Code, § 55.56.)*

    c. ☐ Defendant admits that all of the statements of the complaint are true EXCEPT:

        (1) Defendant claims the following statements of the complaint are false. *(State paragraph numbers from the complaint or explain below.)* ☐ Explanation is on Attachment 2c(1). *(You may use form MC-025 for this purpose.)*

        (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them. *(State paragraph numbers from the complaint or explain below.)*
        ☐ Explanation is on Attachment 2c(2). *(You may use form MC-025 for this purpose.)*

3. AFFIRMATIVE DEFENSES (***NOTE:** For each box checked below, you must state brief facts to support it in item 4.*)

    a. ☐ Defendant is not liable because the facility is not open to the public.

    b. ☐ Defendant is not liable because defendant's landlord is responsible for ensuring that some or all of the property leased by the defendant, including the areas at issue in the complaint, are accessible to the public. *(Give the name and contact information of defendant's landlord in item 4.)*

    c. ☐ Other affirmative defenses. *(Specify and state facts in support in item 4.)*

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
DAL-002 [New July 1, 2016]

**ANSWER—DISABILITY ACCESS**

Civil Code, § 55.56
*www.courts.ca.gov*

DAL-002

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

4. FACTS SUPPORTING AFFIRMATIVE DEFENSES (**NOTE:** *For each box checked in item 3, you must state brief facts to support the defense. Include letters a, b, c, and d from item 3 to make clear which affirmative defense(s) you are supporting.*)

    ☐   Supporting facts are on Attachment 4. *(You may use form MC-025 for this purpose.)*

5. ☐  A request for an early evaluation conference and to meet in person with plaintiff at the subject premises has been filed or is being filed concurrently with this answer, on *Defendant's Application for Stay of Proceedings and Early Evaluation Conference, Joint Inspection* (form DAL-005).

6. ☐  Defendant qualifies for reduced damages. *(See Civ. Code, § 55.56(f)(1) or (2).)*

7. Number of pages attached: _____

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)*

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DEFENDANT OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DEFENDANT OR ATTORNEY)

## VERIFICATION

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DEFENDANT)

DAL-002 [New July 1, 2016]           **ANSWER—DISABILITY ACCESS**          Page 2 of 2

**DAL-005**

| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|
| NAME: | |
| FIRM NAME: | |
| STREET ADDRESS: | |
| CITY:    STATE:    ZIP CODE: | |
| TELEPHONE NO.:    FAX NO.: | |
| E-MAIL ADDRESS: | |
| ATTORNEY FOR (name): | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| STREET ADDRESS: | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: | |
| BRANCH NAME: | |
| PLAINTIFF: | |
| DEFENDANT: | |

| DEFENDANT'S APPLICATION PURSUANT TO CIVIL CODE SECTION 55.54 FOR ☐ STAY AND EARLY EVALUATION CONFERENCE ☐ JOINT INSPECTION | CASE NUMBER: |
|---|---|

*(Information about this application and filing instructions may be obtained at* www.courts.ca.gov/selfhelp.htm.*)*

1. Defendant *(name):* _____ requests a stay of proceedings and early evaluation conference pursuant to Civil Code section 55.54.

2. The complaint in this case alleges a construction-related accessibility claim as defined under Civil Code section 55.52(a)(1).

3. The claim concerns a site that meets one of the following sets of requirements *(All items in one of a, b, c, or d must be checked for the court to order a stay and early evaluation conference. Check a box if the statement is true.)*

    a. ☐ **CASp-Inspected Site**

        (1) ☐ Site has been inspected by a Certified Access Specialist (CASp) and determined to be CASp inspected or CASp determination pending, and if CASp inspected, there have been no modifications completed or commenced since the date of inspection that may impact compliance with construction-related accessibility standards to the best of defendant's knowledge; and

        (2) ☐ An inspection report by a Certified Access Specialist (CASp) relating to the site has been issued.

    b. ☐ **New Construction**

        (1) ☐ Site has had new construction or improvements on or after January 1, 2008, approved pursuant to the local building permit and inspection process;

        (2) ☐ To the best of defendant's knowledge, there have been no modifications or alterations completed or commenced since that approval that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim; and

        (3) ☐ All violations have been corrected, or will be corrected within **60** days of defendant's being served with the complaint.

    c. ☐ **Small Business**

        (1) ☐ Site is owned or occupied by a defendant that is a small business that has employed an average of 25 or fewer employees over the past three years and meets the gross receipts eligibility criteria provided in Civil Code section 55.56(2)(f);

        (2) ☐ All violations have been corrected, or will be corrected within **30** days of being served with the complaint; and

        (3) ☐ Evidence showing that all violations have been corrected *(check one)* ☐ is attached ☐ will be filed with the court within **10** days of the court order setting an early evaluation conference.

        (4) I am filing the following with the court along with this application: *(The documents should be filed separately attached to a Confidential Cover Sheet and Declaration (form DAL-006).)*

            ☐ Proof of the number of defendant's employees as shown by wage reports forms filed with the Employment Development Department over the past three years or for existence of the business if less than three years; and

            ☐ Proof of defendant's average gross receipts as shown by federal or state tax documents for the three years before this application or for existence of the business if less than three years.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
DAL-005 [Rev. July 1, 2016]
**DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS AND EARLY EVALUATION CONFERENCE, JOINT INSPECTION (Disability Access Litigation)**
Civil Code, § 55.54
www.courts.ca.gov

**DAL-005**

| PLAINTIFF:<br>DEFENDANT: | CASE NUMBER: |
|---|---|

3. d. ☐ **Case Filed by High-Frequency Litigant**

    (1) ☐ Site is owned or occupied by a defendant that is a business.

    (2) ☐ The complaint was filed by, or on behalf of, a "high-frequency litigant," as defined in Code of Civil Procedure section 425.55(b), asserting a construction-related accessibility claim including, but not limited to, a claim brought under Civil Code section 51, 54, 54.1, or 55.

    (3) ☐ The complaint includes a statement that it was filed by or on behalf of a high-frequency litigant, or a statement in the caption that "action subject to the supplemental fee in Government Code section 70616.5."

4. Defendant requests that the court:

  a. Stay the proceedings relating to the construction-related accessibility claim.

  b. Schedule an early evaluation conference.

  c. Order defendant to:

    (1) File a confidential copy of the Certified Access Specialist (CASp) report with the court and serve a copy of the report on the plaintiff at least **15** days before the date of the early evaluation conference, which shall be kept confidential as set forth in Civil Code section 55.54(d)(4); or

    (2) File with the court and serve on plaintiff evidence showing correction of all violations within **10** days of completion of the correction or, if seeking relief as a small business, within **10** days after issuance of a court order granting a stay.

  d. Order plaintiff to file with the court and serve on defendants the statement required by Civil Code section 55.54(d)(6) at least **15** days before the date of the early evaluation conference.

  e. ☐ Order plaintiff and plaintiff's counsel, if any, to meet in person with defendant within 30 days, at the site that is the subject of this action, for a joint inspection to review any issues that plaintiff claims are a violation of construction-related accessibility standards.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

### DECLARATION OF DEFENDANT

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▶

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

DAL-005 [Rev. July 1, 2016]      **DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS AND EARLY EVALUATION CONFERENCE, JOINT INSPECTION**      Page 2 of 2
**(Disability Access Litigation)**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**    | Print this form | | Save this form |    | Clear this form |

**DAL-002**

| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|
| NAME: | |
| FIRM NAME: | |
| STREET ADDRESS: | |
| CITY:     STATE:     ZIP CODE: | |
| TELEPHONE NO.:     FAX NO.: | |
| E-MAIL ADDRESS: | |
| ATTORNEY FOR (name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
  STREET ADDRESS:
  MAILING ADDRESS:
CITY AND ZIP CODE:
   BRANCH NAME:

   PLAINTIFF:

   DEFENDANT:

| ANSWER—DISABILITY ACCESS | CASE NUMBER: |
|---|---|

*This form may be filed with the court and served on the plaintiff as an answer to the complaint, or it may be used as an informal response to a demand letter or for settlement discussion purposes.*

1. Defendant(s) *(Each defendant for whom this answer is filed must be named and must sign this answer unless his or her attorney signs):*

   answers the complaint as follows:

2. **Check ONLY ONE of the next three boxes, a, b, or c:**

   a. ☐   Defendant generally denies each statement of the complaint.

   b. ☐   Defendant denies that plaintiff has demonstrated that he or she was denied full and equal access to the place of public accommodation on a particular occasion. *(See Civ. Code, § 55.56.)*

   c. ☐   Defendant admits that all of the statements of the complaint are true EXCEPT:

      (1) Defendant claims the following statements of the complaint are false. *(State paragraph numbers from the complaint or explain below.)*  ☐   Explanation is on Attachment 2c(1). *(You may use form MC-025 for this purpose.)*

      (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them. *(State paragraph numbers from the complaint or explain below.)*
      ☐   Explanation is on Attachment 2c(2). *(You may use form MC-025 for this purpose.)*

3. AFFIRMATIVE DEFENSES (**NOTE:** *For each box checked below, you must state brief facts to support it in item 4.*)

   a. ☐   Defendant is not liable because the facility is not open to the public.

   b. ☐   Defendant is not liable because defendant's landlord is responsible for ensuring that some or all of the property leased by the defendant, including the areas at issue in the complaint, are accessible to the public. *(Give the name and contact information of defendant's landlord in item 4.)*

   c. ☐   Other affirmative defenses. *(Specify and state facts in support in item 4.)*

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
DAL-002 [New July 1, 2016]
     ANSWER—DISABILITY ACCESS
     Civil Code, § 55.56
     www.courts.ca.gov

DAL-002

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

4. FACTS SUPPORTING AFFIRMATIVE DEFENSES (*NOTE: For each box checked in item 3, you must state brief facts to support the defense. Include letters a, b, c, and d from item 3 to make clear which affirmative defense(s) you are supporting.*)

☐ Supporting facts are on Attachment 4. *(You may use form MC-025 for this purpose.)*

5. ☐ A request for an early evaluation conference and to meet in person with plaintiff at the subject premises has been filed or is being filed concurrently with this answer, on *Defendant's Application for Stay of Proceedings and Early Evaluation Conference, Joint Inspection* (form DAL-005).

6. ☐ Defendant qualifies for reduced damages. *(See Civ. Code, § 55.56(f)(1) or (2).)*

7. Number of pages attached: _____

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)*

_____        ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF DEFENDANT OR ATTORNEY)

_____        ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF DEFENDANT OR ATTORNEY)

## VERIFICATION
*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Date:

_____        ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF DEFENDANT)

DAL-002 [New July 1, 2016]                    **ANSWER—DISABILITY ACCESS**                    Page 2 of 2

EXHIBIT B

# EXHIBIT B

**RECEIVED**
*in-person.*
NOV 17 2025
BOARD OF SUPERVISORS
COUNTY OF SONOMA

**SUM-100**

## SUMMONS
## (CITACION JUDICIAL)

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED** |
| **Superior Court of California** |
| **County of Sonoma** |
| **9/24/2025 10:05 AM** |
| **By: Cynthia N Rowen, Deputy Clerk** |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

City of Santa Rosa; County of Sonoma; State of California; DOES 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Douglas Shannon

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* SONOMA SUPERIOR COURT | *(Número del Caso):* 25CV08654 |

3055 CLEVELAND AVENUE SANTA ROSA, CA 95403

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael A Kahn, Esq. (SBN 123155) 10990 Wilshire Blvd., Suite 1040, Los Angeles, CA 90024, (310) 209-1600     Robert Oliver

DATE: 9/24/2025 10:05 AM     Cynthia Rowen    Clerk, by *CML* , Deputy
*(Fecha)*                                       *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* County of Sonoma
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Public Entity
4. ☒ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use | | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | **SUMMONS** | www.courts.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]  [ Save this form ]     [ Clear this form ]

**PLD-PI-001**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY**     STATE BAR NUMBER:<br>NAME: Michael A. Kahn, Esq. SBN 123155/Jeffrey D. Garfinkel, Esq. SBN 272090<br>FIRM NAME: Law Offices of Michael A. Kahn<br>STREET ADDRESS: 10990 Wilshire Blvd., Suite 1040<br>CITY: Los Angeles,     STATE: CA    ZIP CODE: 90024<br>TELEPHONE NO.: 310-209-1600     FAX NO.: 310-481-6076<br>EMAIL ADDRESS: eservice@michaelkahnlaw.com<br>ATTORNEY FOR *(name):* Plaintiff, DOUGLAS SHANNON | **FOR COURT USE ONLY**<br>**ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**9/24/2025 10:05 AM**<br>**By: Cynthia N Rowen, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**
STREET ADDRESS: 3055 CLEVELAND AVENUE
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA ROSA, CA 95403
BRANCH NAME:

PLAINTIFF: DOUGLAS SHANNON

DEFENDANT: CITY OF SANTA ROSA; COUNTY OF SONOMA; STATE OF CALIFORNIA

[x] DOES 1 TO 10

Verified **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**
[ ] **AMENDED *(Number):***
**Type** *(check all that apply):*
[ ] **MOTOR VEHICLE**    [x] **OTHER** *(specify):* General Negligence
    [x] **Property Damage** [ ] **Wrongful Death**
    [x] **Personal Injury** [✓] **Other Damages** *(specify):* Premises Liability

**Jurisdiction** *(check all that apply):*
[ ] **ACTION IS A LIMITED CIVIL CASE** (does not exceed $35,000)
   Amount demanded [ ] does not exceed $10,000
               [ ] exceeds $10,000
[x] **ACTION IS AN UNLIMITED CIVIL CASE** (exceeds $35,000)
[ ] **ACTION IS RECLASSIFIED** by this amended complaint
     [ ] from limited to unlimited
     [ ] from unlimited to limited

**CASE NUMBER:**

25CV06654

1. **Plaintiff** *(name or names):* DOUGLAS SHANNON

   alleges causes of action against **defendant** *(name or names):*
   CITY OF SANTA ROSA; COUNTY OF SONOMA; STATE OF CALIFORNIA

2. This pleading, including attachments and exhibits, consists of the following number of pages: 5

3. Each plaintiff named above is a competent adult

   a. [ ] **except** plaintiff *(name):*
       (1) [ ] a corporation qualified to do business in California.
       (2) [ ] an unincorporated entity *(describe):*
       (3) [ ] a public entity *(describe):*
       (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
          (b) [ ] other *(specify):*
       (5) [ ] other *(specify):*

   b. [ ] **except** plaintiff *(name):*
       (1) [ ] a corporation qualified to do business in California.
       (2) [ ] an unincorporated entity *(describe):*
       (3) [ ] a public entity *(describe):*
       (4) [ ] a minor [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
          (b) [ ] other *(specify):*
       (5) [ ] other *(specify):*

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2024] | **COMPLAINT—Personal Injury, Property**<br>**Damage, Wrongful Death** | Code of Civil Procedure, § 425.12<br>www.courts.ca.gov |

PLD-PI-001

| SHORT TITLE:<br>SHANNON v. CITY OF SANTA ROSA, et al. | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name):*
   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ **except** defendant *(name):* City of Santa Rosa
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☒ a public entity *(describe):*
         City of Santa Rosa

      (5) ☐ other *(specify):*

   c. ☒ **except** defendant *(name):* State of California
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☒ a public entity *(describe):*
         State of California

      (5) ☐ other *(specify):*

   b. ☒ **except** defendant *(name):* County of Sonoma
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☒ a public entity *(describe):*
         County of Sonoma

      (5) ☐ other *(specify):*

   d. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers):* 1-10     were the agents or employees of other
   named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers):* 1-10     are persons whose capacities are unknown to
   plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☒ Plaintiff is required to comply with a claims statute, **and**
   a. ☒ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

    **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**    

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| SHANNON v. CITY OF SANTA ROSA, et al. | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*

   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☒ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered *(check all that apply)*

   a. ☒ wage loss.
   b. ☒ loss of use of property.
   c. ☒ hospital and medical expenses.
   d. ☒ general damage.
   e. ☒ property damage.
   f. ☒ loss of earning capacity.
   g. ☒ other damage *(specify):*
      Such other relief as the court deems just and proper.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages.
      (2) ☐ punitive damages.
   b. The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☒ according to proof.
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 09/ 19 /2025

JEFFREY D. GARFINKEL, ESQ.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2024]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 3 of 3

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[Print this form] [Save this form] [Clear this form]

PLD-PI-001(4)

| SHORT TITLE:<br>Shannon v. City of Santa Rosa, et al. | CASE NUMBER: |
|---|---|

**FIRST** _____ **CAUSE OF ACTION—Premises Liability**     Page     4
                    (number)

ATTACHMENT TO [ x ] Complaint     [  ] Cross - Complaint

_(Use a separate cause of action form for each cause of action.)_

Prem.L-1.Plaintiff _(name):_ DOUGLAS SHANNON _____

alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.

On _(date):_ 09/26/2024                plaintiff was injured on the following premises in the following

fashion _(description of premises and circumstances of injury):_

Plaintiff was walking within the courtyard at the Hall of Justice Center located at 600 Administration Drive in Santa Rosa, CA. Plaintiff was a disabled individual who used a cane to ambulate. Plaintiff went to the lower portion of the courtyard and began descending the steps. There were no handrails available as there are at the front of the building, and as a result Plaintiff could not safely descend causing him to fall.

Prem.L-2. [ x ] **Count One—Negligence** The defendants who negligently owned, maintained, managed and operated the described premises were _(names):_
CITY OF SANTA ROSA; COUNTY OF SONOMA; STATE OF CALIFORNIA

[ x ] Does 1 _____ to 10 _____

Prem.L-3. [ x ] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were _(names):_

[ x ] Does 1 _____ to 10 _____

Plaintiff, a recreational user, was     [  ] an invited guest     [  ] a paying guest.

Prem.L-4. [ x ] _**Count Three—Dangerous Condition of Public Property**_ _The defendants who owned public property on which a dangerous condition existed were (names):_
CITY OF SANTA ROSA; COUNTY OF SONOMA; STATE OF CALIFORNIA

[ x ] Does 1 _____ to 10 _____

a.   [  ] The defendant public entity had     [  ] actual     [  ] constructive notice of the existence of the dangerous condition in sufficient time prior to the injury to have corrected it.

b.   [  ] The condition was created by employees of the defendant public entity.

Prem.L-5.a. [ x ] **Allegations about Other Defendants** The defendants who were the agents and employees of the other defendants and acted within the scope of the agency were _(names):_
CITY OF SANTA ROSA; COUNTY OF SONOMA; STATE OF CALIFORNIA

[ x ] Does 1 _____ to 10 _____

b. [  ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[  ] described in attachment Prem.L-5.b     [  ] as follows _(names):_

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California PLD-
PI-001(4) [Rev. January 1, 2007]
**CAUSE OF ACTION—Premises Liability**
Code of Civil Procedure, § 425.12
www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.     [ Print this form ]  [ Save this form ]        [ Clear this form ]

PLD-PI-001(2)

| SHORT TITLE:<br>SHANNON v. CITY OF SANTA ROSA, et al. | CASE NUMBER: |
|---|---|

SECOND   **CAUSE OF ACTION—General Negligence**   Page    5

(number)

ATTACHMENT TO   [ x ] Complaint   [  ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1.Plaintiff *(name)*:  DOUGLAS SHANNON

alleges that defendant *(name):* City of Santa Rosa; County of Sonoma; State of California

[ x ] Does   1_____   to  10_____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*: 09/26/2024

at *(place)*: SANTA ROSA SUPERIOR COURT, 600 ADMINSTRATION DRIVE, SANTA ROSA, CA  95403

*(description of reasons for liability):*
Plaintiff realleges and incorporates by reference each and every allegation contained in the first four pages of this Complaint as though fully set forth herein.

At said time and place, Defendants, and each of them, did negligently and carelessly own, operate, manage, rent, and maintain the above property so as to cause Plaintiff to suffer serious injuries when Plaintiff was walking within the courtyard at the Hall of Justice Center.  Plaintiff was a disabled individual who used a cane to ambulate.  Plaintiff went to the lower portion of the courtyard and began descending the steps.  There were no handrails available as there are at the front of the building, and as a result Plaintiff could not safely descend causing him to fall.  As a direct result of the subject accident, Plaintiff suffered personal injuries and has incurred and continues to incur hospital and medical expenses, wage loss, loss of earning capacity, property damages and general damages in an amount to be proven at the time of trial.

The negligence on the part of Defendants, and each of them, is not limited to those negligent acts and/or omissions described above, but also includes the negligent hiring, retaining, appointing, selecting, training and/or supervising of those persons responsible for the foregoing acts and/or omissions.

The Defendants, and their agents, failed to inspect, maintain, correct, and improve the subject property/incident site, and offer services, facilities, features and programs in a non-discriminatory fashion, which unlawfully violates the access laws of the United States of America and the State of California. The property is also in an unreasonably dangerous condition.

Plaintiff seeks all damages available to him pursuant to the civil rights statues of the State of California and the United States of America, including, but not limited to, Civil Code §§ 51 et. seg., 52 et. seq., 54 et. seq., 54.1, 54.2, 54.3, 55, 1714, Government §§ 4450, 11135, the Americans with Disabilities Act of 1990, the ADA Standards for Accessible Design (" ADAS"), the Vocational Rehabilitation Act of 1973, 42 USC § 1983, Title 8, C.C.R. §§ 1541(1)(2), 1621, the Federal Manual on Uniform Traffic Control Devices (MUTCD) the City of Sonoma's Municipal Code, County of Sonoma's County Code, and any other federal or state laws regarding the protection of disabled persons.

The foregoing negligent acts and/or omissions on the part of the Defendants, and each of them, were the direct and proximate cause of the damages sustained by Plaintiff.

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001(2) [Rev. January 1, 2007] | **CAUSE OF ACTION—General Negligence·** | Code of Civil Procedure 425.12<br>www.courts.ca.gov |
|---|---|---|

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**   [ Print this form ]   [ Save this form ]   [ Clear this form ]

VERIFICATION

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a party to this action, and I have read the foregoing **CIVIL COMPLAINT** and know its contents. The matters stated in THE COMPLAINT are true based on my own knowledge, except as to those matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on Sep 23, 2025 at 9:26 novato,ca. , California.

*Douglas shannon Douglas Shannon*
Douglas shannon Douglas Shannon (Sep 23, 2025 9:26:47 PDT)

DOUGLAS SHANNON, PLAINTIFF

# Verification

Final Audit Report                                                                 2025-09-24

| | |
|---|---|
| Created: | 2025-09-19 |
| By: | Michael Kahn (info@michaelkahnlaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAC8xtSREeQTWQcvdxK4Lnk5PWdXqtnteq |

## "Verification" History

🗋 Document created by Michael Kahn (info@michaelkahnlaw.com)
2025-09-19 - 9:38:10 PM GMT- IP address: 52.35.193.194

📩 Document emailed to Douglas Shannon (isabella1472@comcast.net) for signature
2025-09-19 - 9:38:14 PM GMT

🗋 Email viewed by Douglas Shannon (isabella1472@comcast.net)
2025-09-19 - 10:35:19 PM GMT- IP address: 104.28.123.99

🗋 Email viewed by Douglas Shannon (isabella1472@comcast.net)
2025-09-24 - 4:01:29 AM GMT- IP address: 104.28.123.112

✍ Signer Douglas Shannon (isabella1472@comcast.net) entered name at signing as Douglas shannonDouglas Shannon
2025-09-24 - 4:26:45 AM GMT- IP address: 73.158.50.165

✍ Document e-signed by Douglas shannonDouglas Shannon (isabella1472@comcast.net)
Signature Date: 2025-09-24 - 4:26:47 AM GMT - Time Source: server- IP address: 73.158.50.165

✅ Agreement completed.
2025-09-24 - 4:26:47 AM GMT

**Adobe Acrobat Sign**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Jeffrey Garfinkel, Esq. SBN 272090<br>10990 Wilshire Blvd., Suite 1040, Los Angeles, CA 90024<br>TELEPHONE NO.: 310-209-1600    FAX NO.: 310-481-6076<br>EMAIL ADDRESS: eservice@michaelkahnlaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Douglas Shannon | **ELECTRONICALLY FILED**<br>**Superior Court of California**<br>**County of Sonoma**<br>**9/24/2025 10:05 AM**<br>**By: Cynthia N Rowen, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**
STREET ADDRESS: 3055 CLEVELAND AVENUE
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA ROSA, CA 95403
BRANCH NAME:

CASE NAME:
Douglas Shannon v. City of Santa Rosa

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | | CASE NUMBER: |
|---|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | 25CV06654 |
| | | | JUDGE:<br>DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [x] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify):* 2

5. This case [ ] is   [x] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 09/19/2025

JEFFREY D. GARFINKEL, ESQ.
_____          ▶ _____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. January 1, 2024]      **CIVIL CASE COVER SHEET**      Page 2 of 2

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

| Print this form | Save this form | | Clear this form |

DAL-001

# STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

This information is available in English, Spanish, Chinese, Vietnamese, and Korean through the Judicial Council of California. People with visual impairments can get assistance in viewing this form through the judicial branch website, at *www.courts.ca.gov.*

California law requires that you receive this information because the demand letter or court complaint you received with this document claims that your building or property does not comply with one or more existing construction-related accessibility laws or regulations protecting the civil rights of people with disabilities to access public places.

**YOU HAVE IMPORTANT LEGAL OBLIGATIONS.** Compliance with disability access laws is a serious and significant responsibility that applies to all California building owners and tenants with buildings open for business to the public. You may obtain information about your legal obligations and how to comply with disability access laws through the Division of the State Architect, at *www.dgs.ca.gov/dsa.* Information is also available from the California Commission on Disability Access at *www.ccda.ca.guide.htm.*

**YOU HAVE IMPORTANT LEGAL RIGHTS.** The allegations made in the accompanying demand letter or court complaint do not mean that you are required to pay any money unless and until a court finds you liable. Moreover, RECEIPT OF A DEMAND LETTER OR COURT COMPLAINT AND THIS ADVISORY DOES NOT NECESSARILY MEAN YOU WILL BE FOUND LIABLE FOR ANYTHING. You will have the right if you are later sued to fully present an explanation of why you believe you have not in fact violated disability access laws or have corrected the violation or violations giving rise to the claim.

You have the right to seek assistance or advice about this demand letter or court complaint from any person of your choice. If you have insurance, you may also wish to contact your insurance provider. Your best interest may be served by seeking legal advice or representation from an attorney, but you may also represent yourself and file the necessary court papers to protect your interests if you are served with a court complaint. If you have hired an attorney to represent you, you should immediately notify your attorney.

If a court complaint has been served on you, you will get a separate advisory notice with the complaint advising you of special options and procedures available to you under certain conditions.

**ADDITIONAL THINGS YOU SHOULD KNOW:** ATTORNEY MISCONDUCT. Except for limited circumstances, state law generally requires that a prelitigation demand letter from an attorney MAY NOT MAKE A REQUEST OR DEMAND FOR MONEY OR AN OFFER OR AGREEMENT TO ACCEPT MONEY. Moreover, a demand letter from an attorney MUST INCLUDE THE ATTORNEY'S STATE BAR LICENSE NUMBER.

If you believe the attorney who provided you with this notice and prelitigation demand letter is not complying with state law, you may send a copy of the demand letter you received from the attorney to the State Bar of California by facsimile transmission to 1-415-538-2171, or by mail to the State Bar of California, 180 Howard Street, San Francisco, CA 94105, Attention: Professional Competence.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
DAL-001 [Rev. July 1, 2016]

**IMPORTANT ADVISORY INFORMATION
FOR BUILDING OWNERS AND TENANTS**
**(Disability Access Litigation)**

Civil Code, § 55.3
*www.courts.ca.gov*

# STATE LAW REQUIRES THAT YOU GET THIS IMPORTANT ADVISORY INFORMATION FOR BUILDING OWNERS AND TENANTS

REDUCING YOUR DAMAGES. If you are a small business owner and correct all of the construction-related violations that are the basis of the complaint against you within 30 days of being served with the complaint, you may qualify for reduced damages. You may wish to consult an attorney to obtain legal advice. You may also wish to contact the California Commission on Disability Access for additional information about the rights and obligations of business owners.

COMMERCIAL TENANT. If you are a commercial tenant, you may not be responsible for ensuring that some or all portions of the premises you lease for your business, including common areas such as parking lots, are accessible to the public because those areas may be the responsibility of your landlord. You may want to refer to your lease agreement and consult with an attorney or contact your landlord, to determine if your landlord is responsible for maintaining and improving some or all of the areas you lease.

For your protection and privacy, please press the Clear This Form button after you have printed the form.    Print this form    Save this form    Clear this form

**DAL-002**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | | *FOR COURT USE ONLY* |
|---|---|---|---|
| NAME: | | | |
| FIRM NAME: | | | |
| STREET ADDRESS: | | | |
| CITY: | STATE: | ZIP CODE: | |
| TELEPHONE NO.: | FAX NO.: | | |
| E-MAIL ADDRESS: | | | |
| ATTORNEY FOR *(name):* | | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF:

DEFENDANT:

| **ANSWER—DISABILITY ACCESS** | CASE NUMBER: |
|---|---|

*This form may be filed with the court and served on the plaintiff as an answer to the complaint, or it may be used as an informal response to a demand letter or for settlement discussion purposes.*

1. Defendant(s) *(Each defendant for whom this answer is filed must be named and must sign this answer unless his or her attorney signs):*



   answers the complaint as follows:

2. ***Check ONLY ONE of the next three boxes, a, b, or c:***

   a. ☐ Defendant generally denies each statement of the complaint.

   b. ☐ Defendant denies that plaintiff has demonstrated that he or she was denied full and equal access to the place of public accommodation on a particular occasion. *(See Civ. Code, § 55.56.)*

   c. ☐ Defendant admits that all of the statements of the complaint are true EXCEPT:

       (1) Defendant claims the following statements of the complaint are false. *(State paragraph numbers from the complaint or explain below.)* ☐ Explanation is on Attachment 2c(1). *(You may use form MC-025 for this purpose.)*



       (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them. *(State paragraph numbers from the complaint or explain below.)*
       ☐ Explanation is on Attachment 2c(2). *(You may use form MC-025 for this purpose.)*



3. AFFIRMATIVE DEFENSES *(**NOTE:** For each box checked below, you must state brief facts to support it in item 4.)*

   a. ☐ Defendant is not liable because the facility is not open to the public.

   b. ☐ Defendant is not liable because defendant's landlord is responsible for ensuring that some or all of the property leased by the defendant, including the areas at issue in the complaint, are accessible to the public. *(Give the name and contact information of defendant's landlord in item 4.)*

   c. ☐ Other affirmative defenses. *(Specify and state facts in support in item 4.)*

Page 1 of 2

**ANSWER—DISABILITY ACCESS**

**DAL-002**

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT: | |

4. FACTS SUPPORTING AFFIRMATIVE DEFENSES (*NOTE: For each box checked in item 3, you must state brief facts to support the defense. Include letters a, b, c, and d from item 3 to make clear which affirmative defense(s) you are supporting.*)

   ☐ Supporting facts are on Attachment 4. *(You may use form MC-025 for this purpose.)*

5. ☐ A request for an early evaluation conference and to meet in person with plaintiff at the subject premises has been filed or is being filed concurrently with this answer, on *Defendant's Application for Stay of Proceedings and Early Evaluation Conference, Joint Inspection* (form DAL-005).

6. ☐ Defendant qualifies for reduced damages. *(See Civ. Code, § 55.56(f)(1) or (2).)*

7. Number of pages attached: _____

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorney signs.)*

| | ▶ |
|---|---|
| _____ | _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF DEFENDANT OR ATTORNEY) |

| | ▶ |
|---|---|
| _____ | _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF DEFENDANT OR ATTORNEY) |

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Date:

| | ▶ |
|---|---|
| _____ | _____ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF DEFENDANT) |

| DAL-002 [New July 1, 2016] | **ANSWER—DISABILITY ACCESS** | Page 2 of 2 |
|---|---|---|

DAL-005

| | | FOR COURT USE ONLY |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO.: | | |
| NAME: | | |
| FIRM NAME: | | |
| STREET ADDRESS: | | |
| CITY:    STATE:    ZIP CODE: | | |
| TELEPHONE NO.:    FAX NO.: | | |
| E-MAIL ADDRESS: | | |
| ATTORNEY FOR (name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
  STREET ADDRESS:
  MAILING ADDRESS:
  CITY AND ZIP CODE:
  BRANCH NAME:

  PLAINTIFF:

  DEFENDANT:

| **DEFENDANT'S APPLICATION PURSUANT TO CIVIL CODE SECTION 55.54 FOR ☐ STAY AND EARLY EVALUATION CONFERENCE ☐ JOINT INSPECTION** | CASE NUMBER: |
|---|---|

*(Information about this application and filing instructions may be obtained at www.courts.ca.gov/selfhelp.htm.)*

1. Defendant *(name):*                                                  requests a stay of proceedings and early
   evaluation conference pursuant to Civil Code section 55.54.

2. The complaint in this case alleges a construction-related accessibility claim as defined under Civil Code section 55.52(a)(1).

3. The claim concerns a site that meets one of the following sets of requirements *(All items in one of a, b, c, or d must be checked for the court to order a stay and early evaluation conference. Check a box if the statement is true.)*

   a. ☐ **CASp-Inspected Site**

      (1) ☐ Site has been inspected by a Certified Access Specialist (CASp) and determined to be CASp inspected or CASp determination pending, and if CASp inspected, there have been no modifications completed or commenced since the date of inspection that may impact compliance with construction-related accessibility standards to the best of defendant's knowledge; and

      (2) ☐ An inspection report by a Certified Access Specialist (CASp) relating to the site has been issued.

   b. ☐ **New Construction**

      (1) ☐ Site has had new construction or improvements on or after January 1, 2008, approved pursuant to the local building permit and inspection process;

      (2) ☐ To the best of defendant's knowledge, there have been no modifications or alterations completed or commenced since that approval that impacted compliance with construction-related accessibility standards with respect to the plaintiff's claim; and

      (3) ☐ All violations have been corrected, or will be corrected within **60** days of defendant's being served with the complaint.

   c. ☐ **Small Business**

      (1) ☐ Site is owned or occupied by a defendant that is a small business that has employed an average of 25 or fewer employees over the past three years and meets the gross receipts eligibility criteria provided in Civil Code section 55.56(2)(f);

      (2) ☐ All violations have been corrected, or will be corrected within **30** days of being served with the complaint; and

      (3) ☐ Evidence showing that all violations have been corrected *(check one)* ☐ is attached ☐ will be filed with the court within **10** days of the court order setting an early evaluation conference.

      (4) I am filing the following with the court along with this application: *(The documents should be filed separately attached to a Confidential Cover Sheet and Declaration (form DAL-006).)*

         ☐ Proof of the number of defendant's employees as shown by wage reports forms filed with the Employment Development Department over the past three years or for existence of the business if less than three years; and

         ☐ Proof of defendant's average gross receipts as shown by federal or state tax documents for the three years before this application or for existence of the business if less than three years.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
DAL-005 [Rev. July 1, 2016]

**DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS
AND EARLY EVALUATION CONFERENCE, JOINT INSPECTION
(Disability Access Litigation)**

Civil Code, § 55.54
www.courts.ca.gov

**DAL-005**

| | |
|---|---|
| PLAINTIFF:<br>DEFENDANT: | CASE NUMBER: |

3. d. ☐ **Case Filed by High-Frequency Litigant**

    (1) ☐ Site is owned or occupied by a defendant that is a business.

    (2) ☐ The complaint was filed by, or on behalf of, a "high-frequency litigant," as defined in Code of Civil Procedure section 425.55(b), asserting a construction-related accessibility claim including, but not limited to, a claim brought under Civil Code section 51, 54, 54.1, or 55.

    (3) ☐ The complaint includes a statement that it was filed by or on behalf of a high-frequency litigant, or a statement in the caption that "action subject to the supplemental fee in Government Code section 70616.5."

4. Defendant requests that the court:

  a. Stay the proceedings relating to the construction-related accessibility claim.

  b. Schedule an early evaluation conference.

  c. Order defendant to:

    (1) File a confidential copy of the Certified Access Specialist (CASp) report with the court and serve a copy of the report on the plaintiff at least **15** days before the date of the early evaluation conference, which shall be kept confidential as set forth in Civil Code section 55.54(d)(4); or

    (2) File with the court and serve on plaintiff evidence showing correction of all violations within **10** days of completion of the correction or, if seeking relief as a small business, within **10** days after issuance of a court order granting a stay.

  d. Order plaintiff to file with the court and serve on defendants the statement required by Civil Code section 55.54(d)(6) at least **15** days before the date of the early evaluation conference.

  e. ☐ Order plaintiff and plaintiff's counsel, if any, to meet in person with defendant within 30 days, at the site that is the subject of this action, for a joint inspection to review any issues that plaintiff claims are a violation of construction-related accessibility standards.

Date: _____

 

_____    ▶  _____

        (TYPE OR PRINT NAME OF DECLARANT)                                 (SIGNATURE OF DECLARANT)

### DECLARATION OF DEFENDANT

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

 

_____    ▶  _____

        (TYPE OR PRINT NAME OF DECLARANT)                                 (SIGNATURE OF DECLARANT)

| | | |
|---|---|---|
| DAL-005 [Rev. July 1, 2016] | **DEFENDANT'S APPLICATION FOR STAY OF PROCEEDINGS**<br>**AND EARLY EVALUATION CONFERENCE, JOINT INSPECTION**<br>(Disability Access Litigation) | Page 2 of 2 |

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | | Clear this form |
|---|---|---|---|

Michael A. Kahn, Esq. - SBN 123155
Jeffrey D. Garfinkel, Esq.  SBN 272090
THE LAW OFFICES OF MICHAEL A. KAHN
A Professional Corporation
10990 Wilshire Boulevard, Suite 1040
Los Angeles, California 90024
*Pleadings and discovery - eservice@michaelkahnlaw.com*

Tel:    (310) 209-1600
Fax:    (310) 481-6076

Attorneys for Plaintiff, DOUGLAS SHANNON

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SONOMA**

| | |
|---|---|
| DOUGLAS SHANNON, | CASE NO.: 25CV06654 |
| Plaintiff, | *Case Assigned to:* |
| | *Action Filed:* |
| vs. | **DEMAND FOR JURY TRIAL** |
| CITY OF SANTA ROSA, COUNTY OF SONOMA; STATE OF CALIFORNIA; and DOES 1 TO 10 | |
| Defendants. | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff, DOUGLAS SHANNON, hereby demands a trial by jury in the above entitled matter.

DATED: 09/ 19 /2025

THE LAW OFFICES OF MICHAEL A. KAHN

By: _____
MICHAEL A. KAHN, ESQ.
JEFFREY D. GARFINKEL, ESQ.
Attorney for Plaintiff, DOUGLAS SHANNON

DEMAND FOR JURY TRIAL

1

EXHIBIT C

EXHIBIT C

ROB BONTA
Attorney General of California
DONNA M. DEAN
Supervising Deputy Attorney General
STEPHANIE A. VOLLMER
Deputy Attorney General
State Bar No. 309407
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3849
  Fax:  (415) 703-5480
  E-mail:  Stephanie.Vollmer@doj.ca.gov
*Attorneys for Defendant State of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DOUGLAS SHANNON,** | Case No.: _____ |
| Plaintiff, | **DEFENDANT STATE OF CALIFORNIA'S NOTICE OF JOINDER TO REMOVAL AS FILED BY DEFENDANT COUNTY OF SONOMA** |
| **v.** | |
| **CITY OF SANTA ROSA; COUNTY OF SONOMA; STATE OF CALIFORNIA; DOES 1 TO 10,** | |
| Defendants. | |

///

///

///

///

///

///

///

///

1

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT Defendant State of California, by and through its undersigned counsel, hereby joins Defendant County of Sonoma's Notice of Removal of the action captioned as *Shannon v. City of Santa Rosa, et al.* (filed September 24, 2025, as case number 25CV06654) from the Superior Court of the State of California, County of Sonoma, to the United States District Court for the Northern District of California.

Dated:  December 17, 2025                          Respectfully submitted,

                                                  ROB BONTA
                                                  Attorney General of California
                                                  DONNA M. DEAN
                                                  Supervising Deputy Attorney General


                                                  /s/ Stephanie A. Vollmer
                                                  STEPHANIE A. VOLLMER
                                                  Deputy Attorney General
                                                  *Attorneys for Defendant State of California*

OK2025604879

2

Defendant State of California's Notice of Joinder to Removal as filed by Defendant County of Sonoma
(Case No.: _____)

EXHIBIT D

# EXHIBIT D

TERESA L. STRICKER, City Attorney (SBN 160601)
KELLY E. LEONHARDT, Deputy City Attorney (SBN 334344)
City of Santa Rosa
100 Santa Rosa Avenue, Rm. 8
Santa Rosa, California 95404
Telephone:  (707) 543-3040
Fax:  (707) 543-3055
Email: KLeonhardt@srcity.org

Attorneys for Defendant City of Santa Rosa

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS SHANNON,<br><br>                                    Plaintiff,<br><br>            v.<br><br>CITY OF SANTA ROSA; COUNTY OF SONOMA; STATE OF CALIFORNIA; DOES 1 TO 10,<br><br>                                    Defendants. | Case No.: _____<br><br>**DEFENDANT CITY OF SANTA ROSA'S NOTICE OF JOINDER IN DEFENDANT COUNTY OF SONOMA'S REMOVAL MOTION** |

///

///

///

///

///

///

///

///

///

///

-1-

TO THE HONORABLE COURT AND PARTIES:

PLEASE TAKE NOTICE that Defendant City of Santa Rosa, acting through undersigned counsel, hereby joins in Defendant County of Sonoma's Notice of Removal of the action entitled *Shannon v. City of Santa Rosa, et al.*, which was filed on September 24, 2025, as Case No. 25CV06654, removing the matter from the Superior Court of the State of California, County of Sonoma, to the United States District Court for the Northern District of California.

Dated:  December 17, 2025

Kelly E. Leonhardt
Deputy City Attorney
Attorney for Defendant City of Santa Rosa

-2-